CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/8/2021
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Lynchburg Division)

AUTO-OWNERS INSURANCE COMPANY,

   Plaintiff,

v.                                     Case No. 6:21CV00010

DANIEL L. TOBIAS
Serve: 1700 Finley Dr.
Culpeper, VA 22701

and

BRANDY E. TOBIAS
Serve: 1700 Finley Dr.
Culpeper, VA 22701

and

AUBREY L. COTTRELL

and

LORETTA COTTRELL

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
Serve: Corporation Service Co.
100 Shockoe Slip, Fl. 2
Richmond, VA 23219

   Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), by counsel, hereby files this Complaint seeking a declaration of the parties' rights and obligations arising under an insurance contract, and states as follows:

### PARTIES

1. Plaintiff, Auto-Owners, is a mutual insurance company domiciled in Michigan, where it maintains its principal place of business.

2. Defendant Daniel Tobias is a resident and domiciliary of the Commonwealth of Virginia.

3. Defendant Brandy Tobias is a resident and domiciliary of the Commonwealth of Virginia.

4. Upon information and belief, Defendant Aubrey Cottrell is a resident and domiciliary of the Commonwealth of Virginia.

5. Upon information and belief, Defendant Loretta Cottrell is a resident and domiciliary of the Commonwealth of Virginia.

6. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has been served in the underlying action as the uninsured/underinsured motorist carrier for Aubrey and/or Loretta Cottrell and is a corporation organized under the laws of Illinois, where it maintains its principal place of business.

### JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 1332.

8. Auto-Owners, Daniel Tobias, Brandy Tobias, Audrey Cottrell, Loretta Cottrell, and State Farm are, for the purposes of diversity jurisdiction, per 28 U.S.C. § 1332, citizens of different states: Michigan, Virginia, and Illinois, respectively.

9. The amount in controversy exceeds $75,000.00.

10. Pursuant to 28 U.S.C. § 2201, Auto-Owners seeks a declaration of the parties' rights and obligations under a personal automobile insurance contract that it issued to Daniel Tobias in Virginia.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this declaratory judgment occurred within Buckingham County, Virginia, which is embraced by the Lynchburg Division of the District Court for the Western District of Virginia.

## FACTS

12. This declaratory judgment action arises out of lawsuit filed by Aubrey and Loretta Cottrell (hereinafter, collectively, the "Cottrells"), against Auto-Owners' named insured, Daniel Tobias, and his wife, Brandy Tobias, which is pending in the Circuit Court for the County of Buckingham, Virginia styled: *Aubrey L. Cottrell, Loretta Cottrell v. Daniel Lee Tobias, Brandy Marine Mardeusz, Brandy Marine Early,* Case No. CL19000295-00 (the "Underlying Lawsuit"). A true and correct copy of the Underlying Lawsuit is attached hereto as **Exhibit A**, and is incorporated herein.

### The Underlying Lawsuit and Background

13. In the Underlying Lawsuit, the Cottrells allege that on or about August 19, 2018, a vehicle owned and registered to "Brandy Marine Mardeusz/Brandy Marine Early/Brandy Early Tobias" (Brandy Tobias) and driven by Daniel L. Tobias (Daniel Tobias) was involved in a

3

collision in Buckingham County, Virginia, with a vehicle owned and operated by the Cottrells (the "Accident").

14. The Cottrells allege in the Underlying Lawsuit that, at approximately 5:30 PM on August 19, 2018, Daniel Tobias was driving a Jaguar owned by Brandy Tobias (the "Jaguar") when he swerved out of the south bound lane on Black Mountain Road/Route 654 and into the oncoming the north bound lane of Black Mountain Road/Route 654 and collided with the Cottrells' vehicle, head on—both Aubrey and Loretta Cottrell are alleged to have been injured as a result of this collision.

15. In the Underlying Lawsuit, the Cottrells allege that Daniel Tobias owed a duty to the Cottrells to: maintain a proper lookout; maintain control of the vehicle he was driving; operate the vehicle at a reasonable speed under the existing conditions; look in all directions for persons that would affect his driving; see what a reasonable person would have seen; react as reasonable person would have acted to avoid a collision under the circumstances and other duties to operate the vehicle in a reasonably safe manner.

16. As a result of the collision that occurred, the Underlying Lawsuit alleges that Daniel Tobias breached his duties owed to the Cottrells and that he failed to obey the laws of the Commonwealth of Virginia.

17. The Underlying Lawsuit further alleges that Daniel Tobias was negligent *per se* because he was arrested for violating Virginia Code § 18.2-266, a statute enacted for public safety in the operation of motor vehicles, and that he was subsequently found guilty of that offense on February 22, 2019.

18. In their Underlying Lawsuit, the Cottrells allege that because they belong to a class of people whose benefit Virginia Code § 18.2-266 was enacted to protect, their injuries

were of the type that it was intended to protect against; thus, Daniel Tobias' violation of Virginia Code § 18.2-266 was the proximate cause of the Cottrells' injuries.

19. The Underlying Lawsuit also alleges negligent entrustment against Brandy Tobias as the owner of the vehicle driven by Daniel Tobias at the time of the collision with the Cottrells' vehicle.

20. The Underlying Lawsuit finally alleges that, as a direct and proximate result of the negligence, carelessness, and recklessness of Daniel Tobias and Brandy Tobias, the Cottrells have suffered past, present, and future physical injury, pain, and mental anguish, inconvenience, medical expenses, disfigurement, deformity, humiliation, embarrassment, and/or lost earning and earning capacity in the amount of $2 million, plus interest from August 19, 2018. The Underlying Lawsuit further alleges that the Cottrells are entitled to punitive damages against Daniel Tobias, per Virginia Code § 8.01-44.5, for his willful or wanton conduct in operating Brandy Tobias' vehicle in an impaired condition in the amount of $500,000.00.

21. At the time of the Accident, Daniel and Brandy Tobias were married, but they did not reside in the same household. Brandy Tobias resided in Culpeper, Virginia. Daniel Tobias resided in Farmville, Virginia.

22. At the time of the Accident, and all relevant times leading up to the Accident, the Jaguar, which was owned by Brandy Tobias, was furnished and/or available for Daniel Tobias' regular use.

**The Policy**

23. Auto-Owners issued personal automobile policy number 51-047-485-00 to Daniel Tobias for the Policy Period February 26, 2018 through February 26, 2019 (hereinafter, the "Policy"). The only vehicle scheduled on the Policy was a 2009 Ford F150. The Jaguar that was

involved in the Accident was not scheduled on the Policy. A true and correct copy of the Policy is attached hereto as **Exhibit B**, and is incorporated herein.

24. Under the Policy's insuring agreement, the Policy provides bodily injury liability to "insureds" subject to limits of $100,000 per person/$300,000 per accident.

25. The Policy, however, also contains the following Exclusion:

**EXCLUSIONS**

\*   \*   \*

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

\*   \*   \*

**2.** Any vehicle, other than "your covered auto", which is:

**a.** Owned by you; or

**b.** Furnished or available for your regular use.

Ex. B, Form 79750 (1-15) pp. 2-3 of 11.

26. The Policy includes the terms "you" and "your covered auto", "family member" and "insured", which are defined as follows:

**DEFINITIONS**

**A.** Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household. If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:

        1. The end of 90 days following the spouse's change of residency;

        2. The effective date of another policy listing the spouse as a named insured; or

        3. The end of the policy period.

\* \* \*

**J.**     "Your covered auto" means:

    1. Any vehicle shown in the Declarations.

    2. A "newly acquired auto".

    3. Any "trailer" you own.

    4. Any auto or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

        **a**. Breakdown;

        **b**. Repair;

        **c**. Servicing;

        **d**. Loss; or

        **e**. Destruction.

This Provision (**J.4**.) does not apply to Coverage For Damage To Your Auto.

Ex. B, Form 79750 (1-15) p. 1 of 11.

\* \* \*

**PART A – LIABILITY COVERAGE**

\* \* \*

    **B.**    "Insured" as used in this Part means:

        **1.** You or any "family member" for the ownership, maintenance or use of any auto or "trailer."

        **2.** Any person using "your covered auto".

        **3.** For "your covered auto", any person organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

        **4.** For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part.

        This provision (**B.4**) applies only if the person or organization does not own or hire the auto or "trailer".

Ex. B, Form 79750 (1-15) p. 2 of 11.

27. Auto-Owners is defending Daniel Tobias against the claims and allegations asserted in the Underlying Lawsuit pursuant to a full and complete reservation of rights under the Policy.

28. Auto-Owners has disclaimed coverage for Brandy Tobias. As a result, Auto-Owners is not providing Brandy Tobias with a defense against the claims and allegations asserted in the Underlying Lawsuit.

**COUNT I - CLAIM FOR DECLARATORY RELIEF AS TO DANIEL TOBIAS**

29. Auto-Owners incorporates the allegations stated in Paragraphs 1 through 28 as if restated, in full, herein.

30. Auto-Owners owes no duty under the Policy to defend or indemnify Daniel Tobias in relation to the allegations and claims made in the Underlying Lawsuit.

31. The Jaguar that Daniel Tobias was operating at the time of the Accident does not meet the Policy's definitions of "your covered auto."

32. At the time of the Accident, and at all relevant times leading up to the Accident, the Jaguar was furnished and/or available for Daniel Tobias' regular use.

33. Accordingly, with respect to Daniel Tobias, liability coverage is barred by exclusion B.2.

34. An actual controversy exists as to the availability of coverage under the Policy for the claims, allegations, and damages asserted by the Cottrells against Daniel Tobias in the Underlying Lawsuit.

35. Auto-Owners is entitled to a declaration that it owes no duty to defend or indemnify Daniel Tobias in connection with the Accident and/or the Underlying Lawsuit.

## COUNT II - CLAIM FOR DECLARATORY RELIEF AS TO BRANDY TOBIAS

36. Auto-Owners incorporates the allegations stated in Paragraphs 1 through 35 as if restated, in full, herein.

37. Auto-Owners owes no duty under the Policy to defend or indemnify Brandy Tobias in relation to the allegations and claims made in the Underlying Lawsuit.

38. The Policy's defense and indemnity coverages do not apply to Brandy Tobias because she does not meet the definition of an "insured" under the Policy.

39. An actual controversy exists as to the availability of coverage under the Policy for the claims, allegations, and damages asserted by the Cottrells against Brandy Tobias in the Underlying Lawsuit.

40. Auto-Owners is entitled to a declaration that it owes no duty to defend or indemnify Brandy Tobias in connection with the Accident and/or the Underlying Lawsuit.

WHEREFORE, Plaintiff, Auto-Owners Insurance Company, respectfully prays that this Court declare that:

a. Auto-Owners Insurance Company owes no duty to defend or indemnify the Defendant, Daniel Tobias, under the Policy in connection with the Underlying Lawsuit;

b. Auto-Owners Insurance Company owes no duty to defend or indemnify the Defendant, Brandy Tobias, under the Policy in connection with the Underlying Lawsuit;

c. That this Court award such other relief to Auto-Owners Insurance Company as may be warranted, just, necessary, and proper under the circumstances.

Respectfully submitted,

AUTO-OWNERS INSURANCE COMPANY

By Counsel

*/s/Robert F. Friedman*
Stanley P. Wellman (VSB No. 27618)
Robert F. Friedman (VSB No. 82118)
Justin G. Guthrie (VSB No. 91583)
Attorneys for Auto-Owners Insurance Company
Harman Claytor Corrigan & Wellman
P.O. Box 70280
Richmond, VA  23255
T: (804) 747-5200
F: (804) 747-6085
swellman@hccw.com
rfriedman@hccw.com
jguthrie@hccw.com